IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

IN RE:

Patrick Lee Baker
and Megan Elizabeth Baker,

          Debtors.

Case No. 23-40252

---

Patrick Lee Baker

and

Megan Elizabeth Baker,

          Plaintiffs,

v.

UNITED STATES OF
AMERICA, Department
of Education,

          Defendant.

Adversary No. 24-07001

## **DEPARTMENT OF EDUCATION'S REPLY**

Comes now the Defendant, Department of Education, through Kate Brubacher, United States Attorney, and Michelle Jacobs, Assistant United States Attorney, and submits this Reply in support of the Motion to Dismiss. (Doc. 36). Plaintiffs failed to properly serve the United States and the Court does not have jurisdiction over the Defendant. Because Plaintiffs have failed and refused to cure the default, the United States seeks dismissal.

Plaintiffs assert the complaint was properly served, the United States has submitted to the jurisdiction of this Court, and the United States has actual knowledge of the Complaint, thereby excusing the need to comply with the Federal Rules and properly serve the United States. As set forth below, Plaintiffs' arguments are unsupported by facts or by law, and the case is subject to dismissal.

## I. Plaintiffs Failed to Properly Serve the United States

Plaintiffs assert that the Complaint was properly served because the attorney hand-delivered a copy to the office of the United States, and that the copy contained the clerk's signature, date, and seal. However, Plaintiffs do not provide any evidentiary support of this position.

Under the Department of Justice guidelines, the United States does not waive service in any manner. This includes bankruptcy and bankruptcy adversary matters. The summons attached to the Complaint did not contain the clerk's seal or the date. This is evidenced by the docket, See Doc. 31, and by the copy delivered to the United States Attorney's Office on August 16, 2024. Doc. 36, Exhibit 1. Plaintiffs' assertion otherwise is unsupported. Plaintiffs do not dispute cited case law that a summons without the date and clerk's seal is insufficient to meet the requirements of Federal Rule of Civil Procedure 4.

## II. The United States Has Not Waived the Requirement of Rule 4

Plaintiffs argue that because the attorney for the United States engaged in email correspondence and a telephone call with Plaintiffs' attorney's office prior to filing the Motion to Dismiss, the United States has "engaged in litigation." This position is patently wrong and is not supported by Plaintiffs' cited cases.

"Until the court has established personal jurisdiction, any assertion of judicial power over the party violates due process." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706 (1982). However, the defense of lack of personal service is waived if not timely asserted. Fed. R. Civ. P. 12(h)(1); *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174-75 (10th Cir. 1992). This means that the defense must be presented at the first available opportunity. *Travelers Cas. & Sur. Co. v. Unistar Fin. Serv. Corp.*, 35 F. App'x 787, 787 (10th Cir. 2002).

2

Plaintiffs correctly note that engaging in litigation waives the defense. *See Hunger U.S. Special Hydraulics Cylinders Corp. v. Hardie-Tynes Mfg. Co.*, 2000 WL 147392, at *3 (10th Cir. Feb. 4, 2000) (defendant filed a cross-claim, engaged in settlement negotiations, and entered into a stipulation before raising the defense of lack of personal jurisdiction; defendant waived the defense of personal jurisdiction); *Estate of Beauford v. Mesa Co., Colo.*, 35 F. 4th 1248 (10th Cir. 2022) (defendant actively defended against the litigation for years before raising the issue, thereby waiving personal jurisdiction or service defenses). "*In the absence of a motion to dismiss,* a party's continued participation in litigation is inconsistent with an assertion of lack of personal jurisdiction." *Hardie-Tynes*, 2000 WL 147392, at *2.

Unlike the defendants in *Hardie-Tynes* and *Mesa Co.*, the United States raised the defense of personal jurisdiction immediately. The United States has not filed an answer, engaged in discovery, set scheduling deadlines, or engaged in litigation related to the underlying claims. Plaintiffs' reliance on the emails between the parties is unsupported because the United States consistently stated that without proper service there was no personal jurisdiction and did not discuss the underlying action. Doc. 36, Exhibit 1 and 2.

Plaintiffs' reliance on *Roell v. Withrow*, 538 U.S. 580 (2003), is misplaced. The court found that defendant consented to the jurisdiction of a magistrate when they did not indicate whether they consented to the magistrate's jurisdiction when requested, they participated in litigation before the magistrate, and voiced no objection when the magistrate stated on the record that they had consented to jurisdiction. *Id*. at 584. The United States has not waived personal jurisdiction by filing a Motion to Dismiss. The United States has not consented to service by contacting opposing counsel identifying service problems. Nor has the United States waived the requirements

of Rule 4 by engaging in email correspondence and a telephone call to notify Plaintiffs' counsel that it was improperly served.

### III. The United States' Notice Does not Waive or Overcome the Service Requirements of Rule 4

As this Court explained earlier, service of a Complaint is not a matter of notice or substantial compliance. (Doc. 18, p. 4). Plaintiffs' reliance on *United Student Aid Funds* is misplaced. *United Student Aid Funds v. Espinosa*, 559 U.S. 260 (2010). Although it is unclear whether the creditor was served with a copy of the bankruptcy petition and plan by the debtor, the creditor was provided with a copy of the plan by the district court. *Id.* at 265-66. Creditor did not object to the plan that discharged part of the student loan debt. *Id.* at 266. Creditor then argued that its due process rights were violated because it was not served with a summons and complaint as required by the bankruptcy adversary rules to discharge student loan debt. *Id.* at 266-67. The Court found the "failure to serve United with a summons and complaint deprived United of a right granted by a procedural rule…United could have timely objected to this deprivation and appealed from an adverse ruling on its objection." *Id.* at 272. However, because the creditor received notice and did not object to the violation of the rules, relief under Rule 60(b)(4) was not available. *Id.* In this matter, Defendant objects to the failure to perfect service, initially through email correspondence, then through this motion to dismiss.

Plaintiffs also cite to *In re Hensley*, 356 B.R. 68 (Bankr. D. Kan. 2006), in which debtors improperly served an objection to a proof of claim on the Department of Education. The objection contained a hearing date, and since the Department was not served, no one appeared for the Department, and the Court granted the objection. *Id.* at 71. The case was reopened after discharge when the Department attempted to collect on its debt. *Id.* The Court found that it had personal jurisdiction over the Department because it had filed a proof of claim, submitting to the jurisdiction

4

of the Court. *Id.* at 74. Additionally, although the Department received the objection and notice of hearing after the hearing date, the Department could have requested the court reconsider or reset the hearing, but instead did nothing. *Id.* at 79-80. The case did not discuss the requirements of Rule 4 or personal jurisdiction. The adversary is a new action, and service of the summons and complaint is required. Bankr. Rule 7004. And unlike the defendant in *Hensley*, Defendant acted immediately to notify Plaintiffs that service was improper and to attempt to correct the matter.

Plaintiffs are correct that the Court defined "substantial compliance" as "compliance in respect to the essential matters necessary to assure every reasonable objective of the statute." *United States v. Tarkowski*, 23-1210-EFM-TJJ; 2024 WL 1299388, at *1 (D. Kan. Mar. 27, 2024). The Court then reviewed the requirements of the Kansas State service statute and found that each defendant was improperly served, plaintiff did not substantially comply with the statute, and denied the motion for default judgment. *Id.* at *2-3.

The *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306 (1950), case addresses providing notice to beneficiaries of judicial settlement of trust fund. The notice provided to the beneficiaries was to protect their due process rights, which includes notice and an opportunity to object. *Id.* at 314-15. Plaintiffs do not attempt to compare the notice requirement of beneficiaries of trust accounts with the requirements of Fed. R. Civ. P. 4, because in this case the failure to comply with Rule 4 means the Court does not have jurisdiction, as opposed to whether a party has sufficient notice to claim property.

In *Kitchens v. Bryan County Nat. Bank*, 825 F.2d 248 (10th Cir. 1987), defendants argued they were not properly served under state law, but the Court found under Federal law the service of process "complied with the spirit, if not the letter of the Fed. R. Civ. P. Rule 4." *Id*. at 255.

Regardless, service was proper under state law, and defendant engaged in litigation, thereby waiving the service requirement. *Id.* at 256.

Plaintiffs have not cited to one case to support the assertion that the United States waived the requirements of Rule 4 by emailing or calling the office of opposing counsel, explaining the service requirements and requesting proper service. The cases cited by Plaintiffs show that a party may waive service requirements by engaging in litigation, including discovery, settlement, scheduling, and court hearings. The United States has not engaged in litigation, but instead filed a motion to dismiss at the earliest available opportunity to preserve the defense of personal jurisdiction and enforce the service requirements of Rule 4.

**IV.  Conclusion**

Rule 4 requires Plaintiffs to properly serve the United States with a summons and complaint containing the date and clerk's seal, within the time allowed. Plaintiffs have not done so, and this Court does not have personal jurisdiction over the United States. Dismissal is appropriate.

Respectfully submitted:

KATE E. BRUBACHER
United States Attorney
District of Kansas

s/ Michelle Jacobs
MICHELLE JACOBS
Assistant United States Attorney
Ks. S.Ct. No. 21261
290 Federal Bldg.
444 SE Quincy Street
Topeka, KS 66683-3592
PH: 785-295-2850
FX: 785-295-2853
Email: michelle.jacobs@usdoj.gov
Attorneys for the Defendant

6

CERTIFICATE OF SERVICE

      I hereby certify that on October 10, 2024, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following: Adam M. Mack, Attorney for Debtors.

      I further certify that on October 10, 2024, the foregoing document and the notice of electronic filing were properly addressed to the following non-CM/ECF participant(s) and deposited in a United States Post Office Box with postage duly prepaid thereon.

      None.

                                      s/Michelle Jacobs
                                      MICHELLE JACOBS
                                      Assistant United States Attorney