SO ORDERED.

SIGNED this 15th day of November, 2024.



Dale L. Somers
United States Chief Bankruptcy Judge

Designated for online publication only
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re:<br><br>Patrick Lee Baker and<br>Megan Elizabeth Baker,<br><br>      Debtors. | Case No. 23-40252<br>Chapter 7 |
| Patrick Lee Baker and<br>Megan Elizabeth Baker,<br><br>      Plaintiffs.<br><br>v.<br><br>United States Department of<br>Education and Nelnet, Inc.,<br><br>      Defendants. | Adv. No. 24-07001 |

## Memorandum Opinion and Order Granting
## United States Department of Education's Motion to Dismiss

In this adversary proceeding, Debtors Patrick Lee Baker and Megan Elizabeth Baker (Debtors)[1] seek discharge of their educational loans under 11 U.S.C. § 523(a)(8). The U.S. Department of Education moves to dismiss Debtors' complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(3) and (4)[2] based upon insufficient process and failure to properly serve the Department within the extended time period allowed by order of the Court. The docket entries show insufficient process because Debtors served a copy of their application for summons on the Office of the United States Attorney for the District of Kansas,[3] rather than the summons issued in response to that application. In addition, the docket demonstrates insufficient service of process because proper service has not been made within the extension of time ordered by the Court. Finding no merit in Debtors' arguments the case should not be dismissed notwithstanding such

---

[1] Debtors appear by Adam Mack.

[2] All future references to the Federal Rules of Civil Procedure in the text shall be to the Rule number only.

[3] The Department appears by Kate Brubacher, United States Attorney, and Michelle Jacobs, Assistant United States Attorney.

2

deficiencies, the Court grants the Department's motion and dismisses the claims against the Department without prejudice.[4]

## I. Background Facts

The background facts are undisputed. Debtors filed their Chapter 7 proceeding on May 10, 2023, and were granted a discharge on August 14, 2023. This adversary proceeding seeking discharge of student loans was filed against the U.S. Department of Education (the Department) and Nelnet Inc. on January 8, 2024.

A summons was issued on the Department on January 23, 2024.[5] Approximately six months later on July 11, 2024, an order was issued directing Debtors to show cause on or before July 26, 2024 why the Court should not dismiss the action for failure to serve the Department within 90 days of filing of the complaint as required by Rule 4(m), made applicable to

---

[4] This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b), and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order No. 13-1. Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

[5] Doc. 10.

3

this proceeding by Federal Rule of Bankruptcy Procedure 7004(a).[6] In response, Debtors' counsel filed a notice of service executed dated July 15, 2024, stating service of the summons and a copy of the complaint were served on March 11, 2024, by certified mail to the Department in Washington, DC.[7]

On July 24, 2024, after rejecting Debtors' position they had complied with the service requirements on March 11, 2024, the Court issued another order directing proper service.[8] The Court stated in part as follows:

> Under Federal Rule of Bankruptcy Procedure 7004(b)(4) and (b)(5), to serve an agency of the United States, the summons and complaint must be mailed to "the civil process clerk at the office of the United States attorney for the district in which the action is brought," the "Attorney General of the United States at Washington, District of Columbia," and to the agency itself – here, the Department of Education.[9]

The defects noted were that the certificate of service dated July 15, 2024 filed by Debtors did not evidence that proper service had been made on the Department in accord with the foregoing and, in addition, the attempted service was not timely, because under Bankruptcy Rule 7004(e) a summons

---

[6] Doc. 11. All future references to the Federal Rules of Bankruptcy Procedure in the text shall be to Bankruptcy Rule.

[7] Doc. 13.

[8] Doc. 15.

[9] *Id.* at 4.

4

must be served within seven days of issuance. The Court ordered compliance with its order within two weeks of July 24, 2024.

Rather than complying with the order to make proper service, Debtors filed a motion requesting the Court to find the prior attempts at service constituted "substantial compliance" or, in the alternative, for an extension of time to complete service.[10] The Court denied the request to find service complete based upon substantial compliance but granted an extension of time by directing that new summons be requested by August 16, 2024 and be served within seven days of issuance.[11]

The details of the summons and service which are the basis for the motion to dismiss are as follows. At Debtors' request made on August 7, 2024, the Court issued alias summons on the Department dated August 13, 2024.[12] On August 16, 2024, Debtors' counsel hand-delivered a copy of the Complaint with an attached summons to the United States Attorney's Office in Topeka.[13] The Department attached a copy of the summons and Complaint served on

---

[10] Doc. 17.

[11] Doc. 18 at 5.

[12] Docs. 25, 26, and 27.

[13] Doc. 31.

August 16, 2024 to the motion to dismiss.[14] It shows the summons is a copy of docket entry 23, which is Debtors' request for summons filed on August 7, 2024.[15] In other words, it is a request for summons, rather than an issued summons, since it is not signed by the Clerk of the Bankruptcy Court, does not bear the Court's seal, and is not dated.

Despite the evidence in the docket filings, Debtors as their "primary position" maintain "the summons delivered to the U. S. Attorney's Office on August 16, 2024, was properly executed, containing all necessary elements including the clerk's signature, date, and seal."[16] The only support for this position is counsel's recollection and his statement that such service would be the firm's standard practice.[17]

Debtors' counsel and the Assistant United States Attorney exchanged emails about the service issue. On August 20, 2024, four days after the

---

[14] Doc. 36-1.

[15] *Id*. Also on August 16, 2024, Debtors' counsel filed a notice of summons executed on August 13, 2024 on an authorized agent in the office of the general counsel in the Department of Education in Washington, D.C. Doc. 32. On August 27, 2024, Debtors' counsel filed a notice of summons executed by certified mail on August 26, 2024 on the office of the Attorney General of the United States in Washington, D.C. Doc. 33. Both of these filings include summons which lack a date of issuance, the signature of the Clerk, and the Court's seal.

[16] Doc. 37 at 2.

[17] *Id*.

attempted service on the Kansas Office, a paralegal from Debtors' counsel's office inquired about details of discovery in the case.[18] The Department's counsel responded on the same day stating, "We have not been properly served and the United States does not waive service. I am not in a position to discuss discovery until we are served."[19] In response to an inquiry about the nature of the insufficiency, Debtors' counsel was informed about the lack of date and signature on the summons served.[20] Debtors' counsel then requested the Department to enter its appearance, with an agreement by Debtors not to object to an answer filed out of time. On September 5, 2024, the Assistant United States Attorney informed Debtors' counsel the Department of Justice policy throughout the country is not to waive service.[21] Another email string of messages exchanged by Debtors' counsel and the Assistant United States Attorney is similar.[22]

---

[18] Doc. 36-2 at 6.

[19] *Id*. at 4.

[20] *Id*. at 2.

[21] *Id*. at 1. On September 10, 2024, Debtors filed a motion to deem service on the United States complete. Doc. 34. The Department has not responded.

[22] Doc. 36-3.

7

The Department filed its motion to dismiss this adversary proceeding on September 18, 2024.[23] An objection and a reply to the objection were filed.[24]

## II. Analysis

### A. Controlling law

"Proper service of process is fundamental to invoking the bankruptcy court's personal jurisdiction over a defendant in an adversary proceeding."[25] "Effectuation of service is a precondition to suit."[26] The plaintiff has the burden of establishing the validity of service.[27] Where the plaintiff does not meet this burden, a court may dismiss for failure to properly serve.[28]

Bankruptcy Rule 7004 addresses the service of a summons and complaint in adversary proceedings. It provides that Rules 4(a), (a)(i), and (m) are applicable. Rule 4(a)(1) describes the content of a summons. The required

---

[23] Doc. 36.

[24] Docs. 37 and 38. In addition, Debtors on October 31, 2024 filed an opposition to the Department's reply brief. Doc. 39. The Local Rules regarding motion practice do not provide for such a pleading.

[25] *Lusk v. Check 'N Go of Kan. Inc. (In re Lusk)*, No. 10-13771, Adv. No. 14-5004, 2016 WL 918928, at *1 (Bankr. D. Kan. Mar. 8, 2016).

[26] *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998).

[27] *See Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992).

[28] *Constien v. United States*, 628 F.3d 1207, 1217 (10th Cir. 2010); *Lasky v. Lansford,* 76 Fed App'x 240, 240–41 (10th Cir. 2003).

content includes: a statement of the time within which the defendant must appear and defend; the signature of the Clerk; and the Court's seal. "A summons which is not signed and sealed by the Clerk of the Court fails to confer personal jurisdiction over the defendants" and is "incurably defective."[29]

Rule 4(i) addresses service on the United States and its agencies. It provides, "[t]o serve a United States agency . . ., a party must serve the United States and also send a copy of the summons and complaint by registered or certified mail to the agency." As to service on the United States, Rule 4(i) requires: (1) delivery of a copy of the summons and complaint to the United States Attorney for the district where the action is brought; and (2) sending a copy of each to by registered or certified mail to the Attorney General of the United States at Washington, D.C. In other words, to effectuate service on the Department when seeking discharge of a student loan, the summons and a copy of the complaint must be served on the local United States Attorney and copies of the summons and the complaint must be served on the Department and the Attorney General of the United States.

---

[29] *Smith v. Allbaugh*, No. CIV-16-654-G, 2018 WL 5114146, at *2 (W.D. Okla. Oct. 19, 2018).

Rule 4(m) addresses the time limit for service, requiring service within 90 days after the complaint is filed, subject to extension by court order.

The presentation of defenses regarding service of process in adversary proceedings is governed by Bankruptcy Rule 7012. That rule incorporates Rule 12(b), which enumerates the means for asserting lack of jurisdiction of a party. Subsection 12(b)(4) provides for asserting lack of jurisdiction over a party because of insufficient process, and subsection 12(b)(5) provides for the defense of insufficient service of process. "The defendant is free to interpose any objection he or she may have to the adequacy of the summoning process by way of a motion under these two subdivisions of Rule 12(b)."[30] However, the two subsections address different matters. "An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service. . . . A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery, the lack of delivery, or the timeliness of delivery of the summons and complaint."[31]

### B. The Motion to Dismiss

**1. The Department has shown insufficient process within the meaning of Rule 12(b)(4).**

---

[30] 5B C. Wright & A. Miller, *Fed. Prac. & Proc.* § 1353 (4th ed.).

[31] *Id.*

The Department has shown that the summons served on August 13, 2024 was deficient. It was not signed by the Clerk of the Bankruptcy Court, did not bear the seal of the Bankruptcy Court, and was not dated. The Department has demonstrated the defense of lack of jurisdiction over the person presented by its Rule 12(b)4) motion.

**2. The Department has shown insufficient service of process within the meaning of Rule 12(b)(5).**

Failure to timely complete service is an insufficiency of service within the meaning of Rule 12(b)(5).[32] Rule 4(m) provides as follows regarding timeliness of service:

> If a defendant is not serviced within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The complaint in this adversary proceeding was filed on January 8, 2024. The ninety-day period expired on April 7, 2024. Notice of service on the Department had not been filed by that date. Recognizing this deficiency, on April 11, 2024 the Court issued a show cause order directing Debtors to show cause by written response on or before July 26, 2024 why the action should

---

[32] *Id.*

11

not be dismissed for failure to effectuate timely service.[33] Apparently in response to the order, on July 19, 2024, Debtors filed a notice of executed service stating, the "United States Department of Education" was served by certified mail on March 11, 2024 at an address in Washington, D.C.[34] On July 24, 2024,[35] the Court responded with another order requiring proper service, noting the July 19, 2024 certificate did not evidence proper service because the summons was stale (having been issued more than seven days before service) and the service did not comply with Bankruptcy Rule 4004(b) regarding service when a department of the United States is a defendant. The order required Debtors to request new summons, make proper service, and file certificates of service within two weeks.[36] On July 30, 2024, Debtors then filed a written response to the Court's July 24, 2024 show cause order arguing they should be found in substantial compliance with the service requirements or, alternatively, that they be granted another extension.[37] On August 2, 2024 the Court granted another extension directing that a request

---

[33] Doc. 11.

[34] Doc. 13.

[35] Doc. 15.

[36] *Id.*

[37] Doc. 17.

for new summons be filed by August 16, 2024 and that service be made within seven days thereafter.[38]

The attempted service on the Kansas U.S. Attorney's Office which is the basis for this motion to dismiss was apparently in response the Court's August 2, 2024 order. If the summons served on August 16, 2024 had not been insufficient, service would have been timely. But the service attempted on August 16, 2024 was deficient, and Debtors have not made proper service within the time allowed by the Court. Timely service has not been made.[39] Counsel's firm's standard practice and Counsel's recollection are insufficient to contradict the case record.

**C. Debtors' arguments in opposition to the motion to dismiss are rejected.**

**1. The argument the summons was properly executed and delivered is rejected for lack of supporting evidence.**

Debtors' primary position is that the summons delivered to the Kansas U.S. Attorney's Office on August 16, 2024 was properly executed and

---

[38] Doc. 18.

[39] Although Rule 4(m) provides for extension of time to effectuate service at the request of the plaintiff upon a showing of good cause for the failure of timely service, Debtors, although advised of the deficiencies, did not attempt to show good cause before the Department moved to dismiss. Further, in response to the motion to dismiss for failure to make timely service, Debtors have not sought additional time to effectuate service under the procedure of Rule 4(m).

contained the Clerk's signature, date, and seal.[40] The only support offered is counsel's firm's standard practice and counsel's recollection of the event. As set forth above, the case record in this case conclusively evidences the summons was not complete.

### 2. The Court rejects the argument that the Department has waived its defenses related to service of process.

Debtors argue the Department has submitted to the Court's jurisdiction by its conduct, particularly by communicating with Debtors' counsel regarding the case and then filing an extensive motion to dismiss. The only case Debtors cite in support is *Roell v. Withrow*.[41] That case found defendants consented to the civil jurisdiction of a magistrate judge under 28 U.S.C. § 636(c)(1) by making general appearances during litigation before the magistrate after being advised of the right to trial by a district judge. Debtors do not cite any cases regarding waiver of service defenses.

Waiver of the defenses of insufficient process and insufficient service of process is addressed by Rule 12(h)(1)(B),[42] made applicable to adversary

---

[40] Doc. 37 at 2.

[41] 538 U.S. 580 (2003).

[42] Rule 12(h) provides:
(h) Waiving and Preserving Certain Defenses.
    (1) *When Some Are Waived.* A party waives any defense listed in Rule 12(b)(2)-(5) by:
        (A) omitting it from a motion in the circumstances

14

proceedings by Bankruptcy Rule 7012(b). Rule 12(h)(1)(B) provides waiver occurs when the party fails to either assert the defenses by motion under Rule 12 or fails to include the defenses in a responsive pleading. However, because timeliness is an aspect of sufficient service, inclusion of an argument that the Rule 4(m) time limit for service has expired in a motion to dismiss is not a waiver of the Rule 12(b)(4) and (5) defenses.[43]

Without citing Rule 12(h), Debtors argue the defenses asserted in the motion were waived because "while asserting it has not been properly served, the Department . . . extensively reviewed case documents, engaged in case-related discussions, and offered to enter into stipulations about discovery timeliness."[44] Although the Rule 12(b)(4) and (5) defenses may be waived by

---

        described in Rule 12(g)(2); or
       (B) failing to either:
           (i) make it by motion under this rule; or
           (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)1 as a matter of course.

[43] Rule 12(h) permits the inclusion of other matters in a motion to dismiss premised on insufficient process and insufficient service of process. The Rule 12(h) timeliness defense, in particular, should be included in a motion to dismiss under Rule 12(b)(4) and (b)(5) as it is has been held the Rule 12(h)(1)(B) defense is waived if not included in the initial pleading. *In re Roberts*, 331 B.R. 876, 882 (BAP 9th Cir. 2005).

[44] Doc. 37 at 4.

delaying assertion of the defenses until after participation in litigation,[45] the Department did not engage in the discharge litigation before the motion was filed. The motion to dismiss was the first pleading filed by the Department. Further, it was Debtors' counsel, not the Assistant United States Attorney, that initiated email inquiries about discovery. The Assistant United States Attorney responded she was not in a position to discuss discovery since the Department had not been properly served. Debtors' argument the Department has waived its insufficient process and insufficient service of process defenses is denied.

### 3. The Court rejects Debtors' argument the Department's actual notice supercedes defects in the service of process.

Debtors cite two cases, *Espinosa*[46] and *Kitchens*,[47] in support of the proposition actual notice of the adversary proceeding is sufficient to overcome defects in service, but this Court finds neither case on point. In *Espinosa*, the Supreme Court allowed the partial discharge of a student loan debt provided in a confirmed plan, even though an adversary proceeding was not initiated and there was no finding of undue hardship. It ruled the confirmation

---

[45] *E.g., Estate of Beauford v. Mesa County, Colo.*, 35 F.4th 1248, 1277 (10th Cir. 2022) ("By the time the County raised the personal jurisdiction as a defense, it had been actively defending against the Estate's lawsuit for years.").

[46] *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010).

[47] *Kitchens v. Bryan Cty. Nat'l Bank*, 825 F.2d 248 (10th Cir. 1987).

16

judgment was not void for lack of due process because the creditor had not objected to confirmation even though it had actual notice of the filing and the content of the plan. The Court's fleeting reference to Rule 4 service was with respect to an adversary proceeding that had never been filed; there was no issue before the Court concerning defects in attempted service.

Likewise, *Kitchens* provides no support for Debtor's position that actual notice obviates the need for proper service. The service defect in *Kitchens* was serving only the summons and complaint and omitting a required "notice and acknowledgment" form and return envelope.[48] The Tenth Circuit cited Wright and Miller for the proposition that the "federal courts generally take a permissive attitude toward modest deviations from the requirements of the mechanics employed for service of process when the defendant actually receives notice."[49] In this case the service defects are not in the "mechanics employed." The defect is failure to serve a complete summons that included the date, the Clerk's signature, and the Court's seal. These defects are not minor and are not mere mechanics. Absent a date in the summons, the served party cannot calculate the answer date. Absent the Clerk's signature and the

---

[48] *Id*. at 255.

[49] *Id*. at 256 (citing 48 A. Wright & C. Miller, *Fed. Pract. & Pro.* § 1074 (4th ed.)).

17

Court's seal, the served party cannot be certain the captioned case has been filed in the court as represented.

> **4. The Court rejects Debtors' contention the motion to dismiss should be denied because there was substantial compliance with the service requirements.**

Debtors cite *Hensley*[50] and *Tarkowski*[51] in support of their argument that service of process in substantial compliance with the Rule 4 requirements constitutes valid service. But neither of these cases adopt substantial compliance as the standard for review of alleged defects in service under Rule 4. *Hensley* addressed the Department of Education's assertion that an order disallowing its claim should be set aside under Rule 60(b)(4), relief from a void judgment, because notice of the claim objection did not comply with the applicable rules. *Tarkowski* concerned alleged defects in service of a summons under Kansas law. The substantial compliance standard of review relied on by Debtors was established by K.S.A. § 60-204. It provides in part that "substantial compliance with any method of serving process effects valid service of process if the court finds, notwithstanding some irregularity or omission . . ., the party served was made aware that an

---

[50] *In re Hensley*, 356 B.R. 68 (Bankr. D. Kan. 2006).

[51] *United States v. Tarkowski*, No. 23-1210-EFM-TJJ, 2024 WL 1299388 (D. Kan. Mar. 27, 2024).

action or proceeding was pending" against the party. The Kansas statute has no bearing on this case.

Moreover, the service in issue did not substantially comply with Rule 4. The missing date of the summons, the Clerk's signature, and the Court's seal are essential information.

### 5. The Court declines to use its equitable powers to overlook defects in the service of process on the Department.

Even if the Court finds the Department has demonstrated it is entitled to dismissal because of insufficient process and insufficient service of process, Debtors request the Court to use its equitable powers to create a practical solution short of dismissal. The Court declines to do so.

This adversary proceeding was initiated on January 8, 2024. The ninety day time limit for service under Rule 4(m) has long expired. The Court has patiently attempted to facilitate proper service on the Department. The Court by its Order filed July 24, 2024[52] provided Debtors with instructions on making proper service on the Department. Counsel for the Department, through email correspondence before the motion to dismiss was filed, described the service requirements and procedures. Before the motion to dismiss was filed, the Court granted Debtors extensions of time to make

---

[52] Doc. 15.

proper service.[53] Although authorized by Rule 4 to do so, the Court declined to dismiss the claims against the Department, even though Debtors' attempts to comply with Rule 4 had been deficient.

The time has come for Debtors' failures to have consequences.

### III. Conclusion

For the foregoing reasons, the Court grants the motion to dismiss under Rule 12(b)(4) and (5). Such dismissal is without prejudice to Debtors filing another complaint seeking discharge of their student loans.

**IT IS SO ORDERED.**

### ###

---

[53] *Id.* and Doc. 18.

20

Case 24-07001    Doc# 41    Filed 11/15/24    Page 20 of 20